UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARLOS ROSANDIO HATCHER | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:14CV00812 ERW |
| | ) | |
| JAY CASSADY, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by the one-year limitations period, and therefore, the Court will order petitioner to show cause why the petition should not be summarily dismissed under Rule 4 of the Rules Governing § 2254 Cases.

### **Background**

Petitioner pled guilty in the City of St. Louis Circuit Court, on April 28, 2009, to armed criminal action, robbery in the first degree and assault in the first degree. *See State v. Hatcher*, Case No. 0822-CR05124-01. On that same date, the trial court sentenced petitioner to three terms of eighteen (18) years imprisonment and three terms of ten (10) years, to run concurrently.

Petitioner filed for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035 on September 10, 2009. *See Hatcher v. State*, Case No. 0922-CC09099. According to Missouri.Case.Net, petitioner filed a voluntary dismissal of his post-conviction proceedings on March 8, 2010.[1]

---

[1] Petitioner claims that his post-conviction motion, filed by appointed counsel, was "dismissed by both parties."

Petitioner, acting pro se, moved to reopen his post-conviction relief action on December 14, 2012. His motion was denied on January 7, 2013.[2] Petitioner filed a second motion to reopen his post-conviction proceedings on September 30, 2013, based on "abandonment of counsel." Petitioner's motion was again denied on March 6, 2014. According to Missouri.Case.Net,[3] the order of the court stated:

> Movant has filed a second motion seeking to reopen the original Rule 24.035 proceeding based on a claim that he was abandoned by post-conviction counsel. This Court has already ruled that movant was not abandoned. Movant filed a voluntary dismissal of his motion on March 8, 2010. This dismissal that movant signed, stated that he had discussed his case with his attorney; he understood that he could not file another motion pursuant to Rule 24.035, and he understood that he was giving up state remedies with regard to all issues that could be raised under Rule 24.035. Therefore, the Court orders, adjudges and decrees that movant's motion in this cause is denied.

The order was signed by the Honorable Judge Margaret Neill. Petitioner did not appeal the court's denial of his motion to reopen his post-conviction relief motion. Instead, petitioner placed the instant application for writ of habeas corpus in the prison mail system on April 23, 2014.

**Discussion**

Under 28 U.S.C. ' 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
. . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

---

[2] Petitioner claims that he did not appeal the denial of his motion to reopen his motion for post-conviction relief because he was "late" in attempting to file a notice of appeal.

[3] *See* https://www.courts.mo.gov/casenet/cases/searchDockets.do.

judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In Missouri, a prisoner has ten (10) days to file a notice of appeal from the date the criminal judgment is rendered. *See* Mo.Ct.R.30.01(a); Mo.Ct.R.81.04(a). As a result, the statute of limitations began to run on May 8, 2009. *See* 28 U.S.C. ' 2244(d)(1)(A). Petitioner did not file his motion for post-conviction relief until September 10, 2009. Although this date fell within 180-days of his conviction, as required under Missouri Supreme Court Rule 24.035 for the filing of post-conviction motions in Missouri, the 124-days between May 9, 2009, and September 10, 2009, must be counted towards the statute of limitations. *See, e.g., Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (state proceedings are not pending between the end of direct review and the date an application for state post-conviction proceedings is filed); *Curtiss v. Mount Pleasant Corr., Facility*, 228 F.3d 851, 854 (8th Cir. 2003) (same); *Boston v. Weber*, 525 F.3d 622, 625 (8th Cir. 2008) (same).

The Court notes that petitioner voluntarily dismissed his motion for post-conviction relief on March 8, 2010. Ordinarily, a judgment denying a post-conviction relief motion does not become "final" until 30-days after its entry, unless an authorized post-trial motion is timely filed. *See* Mo.R.Civ.P. 81.05. And a petitioner is afforded 10-days additional tolling after the dismissal of his post-conviction relief motion becomes "final" in order to file a notice of appeal. *See* Mo.R.Civ.P.81.04. However, a voluntary dismissal is not a "final" judgment under Missouri law, as no appeal may be taken from this judgment. *See, e.g., City of Independence v. Bob McLaughlin Const. Co.,* 595 S.W.2d 790 (Mo.Ct.App. 1980); *see also*, Mo.Sup.Ct.R.81.01 (stating the right of appeal shall be "as provided by law"); Mo.Rev.Stat. § 512.020 (listing the types of orders which may be appealed). Therefore, petitioner does not receive the benefit of the 40-day tolling period

3

in this case. Accordingly, his time period starts on the date he voluntarily dismissed his motion for post-conviction relief – March 8, 2010.[4] Petitioner did not file his habeas petition in this Court until the date he placed it in the prison mailing system at Jefferson City Correctional Center ("JCCC") on April 23, 2014. By that time, 4 years, 1 month and 15 days had passed (1,507-days). Adding the prior 124-days to the 1,507 days makes the total time passed since petitioner's conviction 1,630-days, or approximately 4 years, 5 months and 21 days. Obviously this is much more than the 365-days that petitioner is allotted under the statute.

Petitioner makes a blanket assertion that he is entitled to equitable tolling of the statute of limitations. While equitable tolling may salvage an untimely petition, it is "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805-806 (8th Cir.2001). Petitioner's sole argument for relief is "abandonment of post-conviction counsel." As noted above, he has already made this argument to the Missouri Court of Appeals and that Court found it lacking. Moreover, petitioner failed to appeal either of the denials of his motions to reopen his post-conviction relief proceedings in the Missouri Court of Appeals. Thus, the record appears to belie petitioner's assertions that his post-conviction counsel misrepresented the law or somehow abandoned his appeal. Moreover, the Eighth Circuit Court of Appeals has repeatedly held that faulty legal assistance alone does not warrant equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir.2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"); *Sellers v. Burt*, 168 Fed.Appx. 132, 133 (8th Cir. 2006) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state

---

[4] The filing of a motion for rehearing on denial of state post-conviction relief does not toll the limitations period, either during the statutory period for filing such motion or until the motion is denied, unless the court allows a petition for rehearing. *See, e.g., Jones v. Hulick*, 449 F.3d 784 (7th Cir. 2006).

4

post-conviction attorney failed to communicate with him and did not send his case file"); *Greene v. Washington*, 14 Fed.Appx. 736, 737 (8th Cir.2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion).

Although it does not appear that equitable tolling will save the instant petition, the Court will order petitioner to respond to the instant Memorandum and Order to show cause why his application for writ of habeas corpus should not be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause no later than thirty (30) days from the date of this Memorandum and Order why his petition should not be dismissed as untimely filed.

So Ordered this 14th day of May, 2014.

                                                E. RICHARD WEBBER
                                                SENIOR UNITED STATES DISTRICT JUDGE