UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MARLOS ROSANDIO HATCHER | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:14CV812 ERW |
| JAY CASSADY, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's response to the Court's May 14, 2014 Order to Show Cause why his application for writ of habeas corpus should not be dismissed as time-barred. Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2244.

## Background

Petitioner pled guilty in the City of St. Louis, on April 28, 2009, to armed criminal action, robbery in the first degree and assault in the first degree. *See State v. Hatcher*, Case No. 0822-CR05124-01. On that same date, the trial court sentenced petitioner to three terms of eighteen (18) years imprisonment and three terms of ten (10) years, to run concurrently.

Petitioner filed for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035 on September 10, 2009. *See Hatcher v. State*, Case No. 0922-CC09099. According to Missouri.Case.Net, petitioner filed a voluntary dismissal of his post-conviction proceedings on March 8, 2010.[1]

---

[1] Petitioner claims that his post-conviction motion, filed by appointed counsel, was "dismissed by both parties."

Petitioner, acting pro se, moved to reopen his post-conviction relief action on December 14, 2012. His motion was denied on January 7, 2013.[2] Petitioner filed a second motion to reopen his post-conviction proceedings on September 30, 2013, based on "abandonment of counsel." Petitioner's motion was again denied on March 6, 2014. According to Missouri.Case.Net,[3] the order of the court stated:

> Movant has filed a second motion seeking to reopen the original Rule 24.035 proceeding based on a claim that he was abandoned by post-conviction counsel. This Court has already ruled that movant was not abandoned. Movant filed a voluntary dismissal of his motion on March 8, 2010. This dismissal that movant signed, stated that he had discussed his case with his attorney; he understood that he could not file another motion pursuant to Rule 24.035, and he understood that he was giving up state remedies with regard to all issues that could be raised under Rule 24.035. Therefore, the Court orders, adjudges and decrees that movant's motion in this cause is denied.

The order was signed by the Honorable Judge Margaret Neill. Petitioner did not appeal the court's denial of his motion to reopen his post-conviction relief motion. Instead, petitioner placed the instant application for writ of habeas corpus in the prison mail system on April 23, 2014.

**Discussion**

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   . . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

---

[2] Petitioner claims that he did not appeal the denial of his motion to reopen his motion for post-conviction relief because he was "late" in attempting to file a notice of appeal.

[3] *See* https://www.courts.mo.gov/casenet/cases/searchDockets.do.

judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In Missouri, a prisoner has ten (10) days to file a notice of appeal from the date the criminal judgment is rendered. *See* Mo.Ct.R.30.01(a); Mo.Ct.R.81.04(a). As a result, the statute of limitations began to run on May 8, 2009. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file his motion for post-conviction relief until September 10, 2009. Although this date fell within 180-days of his conviction, as required under Missouri Supreme Court Rule 24.035 for the filing of post-conviction motions in Missouri, the 124-days between May 9, 2009, and September 10, 2009, must be counted towards the statute of limitations. *See, e.g., Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (state proceedings are not pending between the end of direct review and the date an application for state post-conviction proceedings is filed); *Curtiss v. Mount Pleasant Corr., Facility*, 228 F.3d 851, 854 (8th Cir. 2003) (same); *Boston v. Weber*, 525 F.3d 622, 625 (8th Cir. 2008) (same).

The Court notes that petitioner voluntarily dismissed his motion for post-conviction relief on March 8, 2010. Ordinarily, a judgment denying a post-conviction relief motion does not become "final" until 30-days after its entry, unless an authorized post-trial motion is timely filed. *See* Mo.R.Civ.P. 81.05. And a petitioner is afforded 10-days additional tolling after the dismissal of his post-conviction relief motion becomes "final" in order to file a notice of appeal. *See* Mo.R.Civ.P.81.04. However, a voluntary dismissal is not a "final" judgment under Missouri law, as no appeal may be taken from this judgment. *See, e.g., City of Independence v. Bob McLaughlin Const. Co.,* 595 S.W.2d 790 (Mo.Ct.App. 1980); *see also*, Mo.Sup.Ct.R.81.01 (stating the right of appeal shall be "as provided by law"); Mo.Rev.Stat. § 512.020 (listing the types of orders which may be appealed). Therefore, petitioner does not receive the benefit of the 40-day tolling period

3

in this case. Accordingly, his time period starts on the date he voluntarily dismissed his motion for post-conviction relief – March 8, 2010.[4] Petitioner did not file his habeas petition in this Court until the date he placed it in the prison mailing system at Jefferson City Correctional Center ("JCCC") on April 23, 2014. By that time, 4 years, 1 month and 15 days had passed (1,507-days). Adding the prior 124-days to the 1,507 days makes the total time passed since petitioner's conviction 1,630-days, or approximately 4 years, 5 months and 21 days. Obviously this is much more than the 365-days that petitioner is allotted under the statute.

Petitioner makes a blanket assertion that he is entitled to equitable tolling of the statute of limitations. While equitable tolling may salvage an untimely petition, it is "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805-806 (8th Cir.2001). Petitioner's sole argument for relief is "abandonment of post-conviction counsel." As noted above, he has already made this argument to the Missouri Court of Appeals and that Court found it lacking. Moreover, petitioner failed to appeal either of the denials of his motions to reopen his post-conviction relief proceedings in the Missouri Court of Appeals. Thus, the record appears to belie petitioner's assertions that his post-conviction counsel misrepresented the law or somehow abandoned his appeal. Moreover, the Eighth Circuit Court of Appeals has repeatedly held that faulty legal assistance alone does not warrant equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir.2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"); *Sellers v. Burt*, 168 Fed.Appx. 132, 133 (8th Cir. 2006) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state

---

[4] The filing of a motion for rehearing on denial of state post-conviction relief does not toll the limitations period, either during the statutory period for filing such motion or until the motion is denied, unless the court allows a petition for rehearing. *See, e.g., Jones v. Hulick*, 449 F.3d 784 (7th Cir. 2006).

4

post-conviction attorney failed to communicate with him and did not send his case file"); *Greene v. Washington*, 14 Fed.Appx. 736, 737 (8th Cir.2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion).

Petitioner asserts that it was not attorney error that led to his untimely petition, but rather attorney misconduct. Therefore, he asserts, he should be entitled to equitable tolling. *See U.S. v. Martin*, 408 F.3d 1089, 1093-94 (8th Cir. 2005). The record in this case belies petitioner's assertions.

Petitioner has attached to his response brief the copy of his voluntary dismissal he filed in the state proceedings of his post-conviction relief motion. His motion to voluntarily dismiss his Rule 24.035 motion for post-conviction relief states:

1. Movant has discussed his case with undersigned counsel;
2. Movant's amended motion is not yet due to be filed;
3. Movant does not wish to proceed with his Rule 24.035 motion;
4. Movant understands that counsel, will, if requested, prepare his amended motion. Counsel would prepare his case for evidentiary hearing and if his Rule 24.035 motion is denied, counsel would appeal that decision to the Missouri Court of Appeals.
5. Movant also understands that this voluntary dismissal is with prejudice, which means that he cannot file another Rule 24.035 motion on the criminal case at issue.
6. Movant also understands that his voluntary dismissal of this motion means that he is intentionally giving up State remedies with respect to all issues that can be raised under Rule 24.035.
7. Movant further understands that by giving up his State remedies pursuant to Rule 24.035, he is prevented from raising those issues in a petition for Writ of Habeas Corpus under 28 U.S.C. Section 2254.

Wherefore, Movant voluntarily dismisses his Supreme Court Rule 24.035 motion with prejudice.

As the state court noted, petitioner's desires were clear in the filing of his voluntary dismissal, and it was similarly clear that he had not been abandoned by counsel. Despite the clear intent of the aforementioned, petitioner argues, in a wholly conclusory fashion, that he believes his

5

counsel acted in an unethical fashion when she "persuaded" petitioner to file the voluntary dismissal after she missed the filing deadline for filing his post-conviction relief motion.

Without any evidentiary support whatsoever, petitioner asserts that because his post-conviction counsel filed an extension of time to file the amended motion for post-conviction relief, she must have had some grounds to argue on his behalf in an amended motion. Thus, according to petitioner's line of reasoning, this is <u>some evidence</u> that she abandoned him by not filing an amended motion for post-conviction relief. Accordingly, her later assertions to him that there were no grounds to support his post-conviction motion were merely a farce – or truly attorney misconduct – such that she had to persuade him to sign a false voluntary dismissal of his post-conviction proceedings in order to "cover up" her own abandonment and ineffectiveness of counsel.

Petitioner's disjointed reasoning is simply implausible given his own statements in his voluntary dismissal before the state court that he had "discussed the case" with his counsel and "did not wish to proceed" with his motion for post-conviction relief. Thus, this Court cannot find petitioner's implausible notions enough to warrant the rare and extraordinary circumstances necessary for equitable tolling. As such, his petition for habeas corpus must be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED** as **TIME-BARRED**. Rule 4 of the Rules Governing § 2254 Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. 28 U.S.C. § 2253.

Dated this <u>18th</u> day of June, 2014.

*[signature]*
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE